IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION (Raleigh)
**Civil Action No. 5:17-CV-00122-FL**

| | |
|---|---|
| METAFORMERS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INNOFIN SOLUTIONS, LLC, )<br>)<br>Defendant. )<br>) | **STIPULATED PROTECTIVE ORDER** |

Plaintiff Metaformers, Inc. commenced this action on March 10, 2017 against Defendant InnoFin Solutions, LLC asserting claims for violation of the Lanham Act (15 U.S.C. § 1125(a)(1)) and breach of contract (the "Action"). Plaintiff contends that Defendant made false representations while soliciting business from the City of Raleigh, the State of Georgia, and perhaps other state and local governmental entities. Plaintiff further contends that Defendant breached the contract between the parties when it disclosed confidential information belonging to Plaintiff and by soliciting a client of Plaintiff. The Defendant denies the allegations and has asserted twenty-two affirmative defenses. The parties anticipate exchanging information during discovery that is confidential, including information that is financial, proprietary or otherwise non-public and personal in nature. The parties desire to enter into this Stipulated Protective Order in order to protect their confidential information as defined below.

Accordingly, the parties, through the undersigned counsel, stipulate and agree, pursuant to Fed. R. Civ. Proc. 26(c), that the provisions of this Protective Order (the "Order") shall govern the disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers,

responses to requests to admit and any other material and information disclosed or provided in the Action.

1. All information produced or disclosed in this Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action, and shall not be used for any other purpose.

2. When used in this Order, the term:

(a) "Confidential Information" shall mean all documents and testimony, and all information contained therein, containing confidential development, financial, proprietary or commercial information that may be subject to a protective order under Fed. R. Civ. Proc. 26(c); and all confidential, non-public personal information that is protected from disclosure by statute, regulation or otherwise.

(b) "Disclosing Party" shall refer to any party to this Action and any non-party disclosing or producing Confidential Information in connection with this Action.

(c) "Discovery Material" shall refer to all items or information that are produced or generated in disclosures or responses to discovery in this Action, regardless of the medium or manner in which it was stored, generated or maintained.

(d) "Document" shall have the meaning provided in Fed. R. Civ. Proc. 34, and shall include, without limitation, electronically stored information, all original, written, recorded, electronic or graphic materials, and all copies, duplicates or abstracts thereof including, but not limited to, notes on documents including information contained therein or derived therefrom.

(e) "Receiving Party" shall refer to any party to this Action and any non-party that receives Confidential Information.

(f) "Expert" and "Consultant" shall mean a person who is not a party to this Action or an employee, officer, director, member, or partner of, or Counsel to, a party; and

who is designated or retained by a party to provide expert testimony or non-testifying consulting services in connection with this Action.

3. Designation by a Disclosing Party of Discovery Material as Confidential Information constitutes a representation that such Discovery Material has been reviewed by counsel and that there is a good faith basis for such designation.

4. A Receiving Party shall not make copies of Confidential Information except as reasonably necessary for the purposes of this Action and subject to the limitations on the use of information set forth in this Stipulated Protective Order. Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, a Receiving Party may disclose Confidential Information only to:

(a) counsel of record in this Action, as well as counsel's employees to whom it is reasonably necessary to disclose the information in connection with this Action;

(b) the named parties, including in-house counsel, officers, directors and employees, of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) experts or consultants, including their staffs, who have signed the Acknowledgment attached hereto as Exhibit A;

(d) outside photocopying, microfilming or database service providers, trial support firms, graphic production services, litigation support services, and translators engaged by the parties during this Action to whom disclosure is reasonably necessary for this Action;

(e) the Court, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel and jurors;

(f) court reporters and their staffs, stenographers or video operators, professional jury or trial consultants, mock jurors and professional vendors to whom disclosure is reasonably necessary for this Action;

(g) during their depositions and deposition preparation, any person(s) shown on the face of a Document to be its author or recipient, or shown on the face of the Document or through competent testimony to have prior knowledge of the Confidential Information contained therein, but only to the extent reasonably necessary for the purposes described in Paragraph 1, above; provided, however, that such individuals shall not be permitted to retain any copies;

(h) any mediator or arbitrator engaged by the named parties in connection with this Action;

(i) other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party.

5. The designation of Discovery Material as containing Confidential Information may be made by the Disclosing Party at or prior to the time of production of documents by stamping or otherwise affixing the legend "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on each page deemed Confidential, in a manner that does not interfere with the legibility of the document. A party to this Action may also designate Discovery Material produced by another party, or by a non-party, to be Confidential Information, such designation to be made in writing as soon as practicable after service of the Discovery Material.

In addition, a Disclosing Party may designate as "ATTORNEYS' EYES ONLY MATERIAL" Discovery Material that contains Confidential Information that the Disclosing Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Disclosing Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. The designation "ATTORNEYS' EYES

ONLY MATERIAL" is reserved for Confidential Information that constitutes proprietary financial or technical or commercially sensitive competitive information that the Disclosing Party maintains as highly confidential in its business, strategic plans, non-public financial data, documents that would reveal trade secrets, licensing documents and licensing communications, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Disclosing Party.

To the extent that Discovery Material containing Confidential Information is stored, recorded or produced in a form of electronic or magnetic media (including information, documents, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes), such Discovery Material shall be designated as Confidential Information by: (1) providing written notice of such designation, and (2) placing a label on the storage media containing the Discovery Material that identifies the contents as Confidential Information. All information contained on storage media with such a label shall be treated as Confidential Information. If electronic information, documents, files, databases, or programs produced in electronic format are electronically numbered or labeled, such numbering or labeling shall include the Confidential Information designation if technically feasible.

6. To the extent that any party to this Action or witness has produced Discovery Material in response to discovery requests prior to the date of this Order, the party's or witness's designations of Confidential Information pursuant to Paragraph 5, above, shall be deemed valid and effective under this Order.

7. A Disclosing Party may designate as Confidential Information any portion of a transcript from a deposition deemed to contain such material. The Disclosing Party shall advise the court reporter and counsel of record at the beginning and end of the testimony containing Confidential Information ("Confidential Testimony") either orally at the deposition or in writing

no later than twenty (20) calendar days after receipt from the court reporter of the final deposition transcript. During such twenty-day period, the parties shall treat the entire transcript as Confidential. The reporter shall mark "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on the face of the transcript at the beginning and end of any portions of Confidential Testimony. Transcripts containing Confidential Testimony shall have an obvious legend on the title page that the transcript contains Confidential Information, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."

8. Each expert, consultant, fact witness or potential fact witness who receives Confidential Information shall be shown a copy of this Order and be advised of its contents. Each such individual shall execute the written acknowledgement attached hereto as Exhibit A.

9. Any person or entity in possession of Confidential Information shall maintain those materials in a reasonably secure manner, and shall not reveal or discuss such information to or with any person not entitled to receive it, so that the Confidential Information is not further disclosed or used in any manner inconsistent with this Order. The protections conferred by this Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by parties or counsel to or in court or in other settings that might disclose protected material to persons not authorized to receive such material. To the extent that any Receiving Party creates, develops, or otherwise establishes any digital or analog machine-readable device, recording media, computer, disc, network, tape, file, database or program containing Confidential Information for purposes of this Action, that party shall take all necessary steps to ensure that access to such media is properly restricted to those persons who, by the terms

of this Protective Order, may have access to Confidential Information. In the event that any such media is transferred to any person or entity other than Counsel, the Receiving Party shall affix to the media a label identifying the contents as Confidential Information.

10. Nothing in this Order shall be construed as limiting a Disclosing Party's use of its own Confidential Information. If the Disclosing Party disseminates its own Confidential Information outside of the confines of this Order, such information shall no longer be subject to this Order. In addition, nothing in this Order shall prevent or in any way limit disclosure, use or dissemination of any Confidential Information that:

    (a) is or became public knowledge, not in breach of this Order;

    (b) was acquired by a party from a non-party having the right to disclose such information; or

    (c) was learned by a party as a result of that party's own independent efforts, investigation or inquiry.

If a dispute arises as to disclosure limitations for any specific Confidential Information, the burden shall be on the party seeking unlimited disclosure to prove that such Confidential Information was lawfully obtained through the above means or sources.

11. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (i) notify in writing the Disclosing Party of the unauthorized disclosures; (ii) use its best efforts to retrieve all unauthorized copies of the Confidential Information; (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (iv) request such person or persons to execute the Acknowledgment that is attached hereto as Exhibit A.

12. If a Receiving Party is served with a subpoena or a court order issued in another litigation or an investigation that compels disclosure of any Confidential Information, that Receiving Party must: (i) promptly notify the Disclosing Party in writing and provide it with a

copy of the subpoena or court order; (ii) promptly notify in writing the individual or entity who caused the subpoena or order to issue in the other litigation or investigation and provide it with a copy of this Order; and (iii) cooperate with respect to all reasonable procedures pursued by the Disclosing Party whose Confidential Information may be affected.

The Disclosing Party must notify the Receiving Party within five (5) calendar days of receiving the notice and accompanying information if it intends to seek a protective order from the court to avoid disclosure of the Confidential Information.

    (a)    If the Disclosing Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any Confidential Information before a determination by the court from which the subpoena or order issued, unless the Disclosing Party consents to such production in writing. The Disclosing Party shall bear the burden and expense of seeking protection of its Confidential Information in the court that issued the subpoena or court order.

    (b)    If the Disclosing Party fails to object or seek a protective order from the court within seven (7) calendar days of receiving the notice and accompanying information, the Receiving Party may produce the Confidential Information responsive to the subpoena or court order.

    (c)    Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

13.    An inadvertent failure to designate Discovery Material as Confidential Information at the time of production may be remedied by supplemental written notice by the Disclosing Party. The Disclosing Party must notify the Receiving Party as soon as practicable after discovering that it inadvertently failed to designate the information as confidential. If such notice is given, all documents, materials or testimony so designated shall be subject to this Order as if they had been initially designated as Confidential to the extent that such documents, materials or testimony fall

within the definition of Confidential Information. Therefore, the Receiving Party shall notify any non-party to whom disclosure was made about the confidentiality designation. If the Receiving Party contests the claim that such documents, materials or testimony fall within the definition of Confidential Information, the Receiving Party may challenge the designation pursuant to Paragraph 15, below.

14. If information subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege, immunity, or protection is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product protection, or other privilege, immunity, or protection to which the producing Party would otherwise be entitled as to the information produced or its subject matter. If a producing Party gives notice to a recipient Party that such inadvertently produced material is subject to a claim of privilege, immunity or other protection (regardless of whether such material constitutes or is designated as Confidential Information), the recipient Party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the recipient Party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.

15. No party shall be obligated to challenge the propriety of a designation of Confidential Information when initially received, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, a party objects to a designation of Confidential Information under this Order, the objecting party shall notify the Disclosing Party in writing. Within fifteen (15) calendar days of receipt of such notification, counsel for the Disclosing Party and the objecting party shall meet and confer in a good faith effort to resolve any disagreement regarding the Disclosing Party's designation of the Confidential Information. If, for whatever reason, the parties do not resolve their disagreement within that time period, the parties shall

submit their dispute to the Court for resolution. The documents subject to that application will be treated as Confidential until the Court rules. Nothing in this Order shall be construed as preventing any party from objecting to the designation of any documents as Confidential or preventing any party from seeking further protection for any material it produces in discovery.

16. Without written permission from the Disclosing Party, any party wishing to file Confidential Information in connection with a motion, brief or other submission to the Court must seek approval from the Court, pursuant to Local Civil Rule 79.2, that the Confidential Information be filed under seal. Each time a party seeks to file under seal Confidential Information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court. It is understood and agreed that the parties shall make all reasonable efforts to minimize filing documents under seal. If only portions of a document contain Confidential Information, the party filing the document shall submit to the Court a redacted copy of the same.

17. Within thirty (30) calendar days after the final disposition of this Action, including any appeals, each Receiving Party must either return all Confidential Information to the Disclosing Party or destroy such material, including all copies, abstracts, compilations, summaries, and any other form in which the Confidential Information may have been reproduced or captured. Whether the Confidential Information is returned or destroyed, the Receiving Party must submit a written certification to the Disclosing Party by the thirty-day deadline that: (a) identifies (by category,

where appropriate) all the Confidential Information that was returned or destroyed; and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Information.

Notwithstanding this provision, counsel of record for the Parties Party may retain an archival copy of all pleadings, motion papers, discovery responses, deposition, hearing and trial transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product and consultant and expert work product in this matter, even if such materials contain or incorporate Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order.

18. Any third party that produces Documents or provides testimony in this Action, either voluntarily or by compulsory process, shall have the benefit and protection of this Protective Order and may designate Documents, deposition testimony, or other information as Confidential Information in the manner, and subject to the same protections, set forth above. Nothing in this Protective Order shall be construed to allow any third party to obtain access to any Confidential Information produced by any Party or other third party other than during the deposition of said third-party as authorized by this Order.

In the event that additional persons or entities become parties to this Action, such parties shall not have access to Confidential Information produced by or obtained from any Disclosing Party until the newly-joined parties or their counsel confirm in writing to all other parties that they have read this Order and agree to be bound by its terms.

19. In the event that a Disclosing Party produces two or more identical copies of a document of which at least one copy is designated as Confidential and at least one copy is not so designated, once such a discrepancy is discovered, all copies of the document shall be treated with the greatest amount of protection so designated. If a Receiving Party identifies such a discrepancy,

it shall promptly notify the Disclosing Party. Once the Disclosing Party identifies or becomes aware of the discrepancy, it shall promptly notify all other parties to the Action.

20. This Order shall not prejudice in any way the rights of any party to introduce as evidence at trial any document, testimony or other evidence subject to this Order that is otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial. In the event that Confidential Information is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Disclosing Party applies for and obtains an order from the court specifically maintaining the confidential status of particular material. Prior to any court proceeding in which Confidential Information is to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Confidential Information.

21. Nothing in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent.

22. The parties agree that a designation of information as Confidential is not intended to be and shall not be construed as an admission that the Confidential Information is relevant, nor subject to an applicable privilege or protection or reasonably calculated to lead to the discovery of admissible evidence.

23. The treatment accorded under this Order shall survive the termination of this Action.

24. This Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other parties to modify this Order, subject to the Court's approval.

ENTERED this 9th day of August, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge

SEEN AND AGREED:

BELL DAVIS & PITT, P.A.

/s/ Kevin G. Williams
Kevin G. Williams
kwilliams@belldavispitt.com
Andrew A. Freeman
afreeman@belldavispitt.com
100 N. Cherry Street, Suite 600
Winston-Salem, NC 27101
Telephone: (336) 722-3700
Facsimile: (336) 722-8153
*Attorneys for Plaintiff Metaformers, Inc.*
**Local Civil Rule 83.1 Counsel**

SMITH MOORE LEATHERWOOD LLP

/s/ Elizabeth Sims Hedrick
Elizabeth Sims Hedrick
N.C. State Bar No. 38513
elizabeth.hedrick@smithmoorelaw.com
434 Fayetteville Street, Suite 2800 (27601)
Post Office Box 27525
Raleigh, North Carolina 27611
Telephone: (919) 755-8700
Facsimile: (919) 755-8800
*Attorneys for Defendant InnoFin Solutions, LLC*
**Local Civil Rule 83.1 Counsel**

COHEN MOHR LLP

/s/ Russell J. Gaspar
Russell J. Gaspar, Va. Bar No. 15020
rgaspar@cohenmohr.com
Andrew K. Wible, Va. Bar No. 78168
awible@cohenmohr.com
1055 Thomas Jefferson Street, N.W., Suite 504
Washington, D.C. 20007
Telephone: (202) 342-2550
Facsimile: (202) 342-6147
*Attorneys for Plaintiff Metaformers, Inc.*
**Special Appearance**

MINOR & BROWN, PC

/s/ Kim L. Ritter
Kim L. Ritter, Esq., CO Atty No. 22725
kritter@mb-law.law
Eric J. Neeper, Esq., CO Atty No. 44447
eneeper@mb-law.law
650 South Cherry Street, Suite 1100
Denver, CO 80246
Telephone: (303) 320-1053
Facsimile: (303) 320-6330
*Attorneys for Defendant InnoFin Solutions, LLC*
**Special Appearance**